UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PLAINTIFF, | CIVIL ACTION No. 19-914 |
| v. | JURY DEMAND |
| AH 2007 MANAGEMENT, LP, D/B/A COURTYARD MONROE AIRPORT, AND AIMBRIDGE HOSPITALITY, LLC, D/B/A COURTYARD MONROE AIRPORT, DEFENDANTS. | |

COMPLAINT

NATURE OF THE ACTION

Plaintiff, the U.S. Equal Employment Opportunity Commission ("Commission"), brings this action under the Equal Pay Act of 1963 ("EPA") to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex and to collect back wages due to employees as a result of such unlawful payments and under Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief. As alleged with greater particularity below, Defendants, AH 2007 Management LP ("AH") and Aimbridge Hospitality ("Aimbridge"), collectively doing business as Courtyard Monroe Airport, paid Q'juanisha Benson, a female front desk supervisor, and the known and unknown members of a class, the female guest service representatives, less than Kenneth Vicknair, a male guest service representative, for equal work at the Courtyard Monroe Airport (the "hotel") located at 4915 Pecanland Mall Dive, Monroe, Louisiana. In addition, AH and Aimbridge paid Mr. Vicknair less in attempt to correct the difference between what they paid him and what they paid Ms. Benson and the known and unknown members of the class.

1

JURISDICTION & VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to the Fair Labor Standards Act of 1938 ( "FLSA"), as amended, 29 U.S.C. § 216(c) and § 217, to enforce the requirements of the EPA, 29 U.S.C. § 206(d) and pursuant to Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1), § 2000e-5(f)(3), and § 2000e-6, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      Venue lies in this Court pursuant to 18 U.S.C. § 1391 and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices were and are now being committed in Monroe, Louisiana.

PARTIES

3.      The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of the EPA and Title VII, and it is expressly authorized to bring this action by the FLSA, 29 U.S.C. § 216(c) and § 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and by Title VII, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-6.

4.      At all relevant times, AH has continuously been a Delaware partnership doing business in Monroe, Louisiana, and has continuously had at least 15 employees.

5.      At all relevant times, AH has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

6.      At all relevant times, AH has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

7.      At all relevant times, AH has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29

2

U.S.C. § 203(b), (i), and (j), and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

8.      At all relevant times, Aimbridge has continuously been a Delaware limited liability company doing business in Monroe, Louisiana and has continuously had at least 15 employees.

9.      At all relevant times, Aimbridge has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

10.      At all relevant times, Aimbridge has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.      At all relevant times, Aimbridge has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (i), and (j), and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

12.      At all relevant times, AH and Aimbridge have been a single, integrated enterprise.

13.      At all relevant times, AH and Aimbridge have been the joint employers of (A) Ms. Benson, the female front desk supervisor at the hotel, (B) the known and unknown members of a class, the female guest service representatives at the hotel, and (C) Mr. Vicknair, the male guest service representative at the hotel.

ADMINISTRATIVE PROCEDURES

14.     More than 30 days prior to the institution of this lawsuit, Ms. Benson filed a charge of discrimination with the Commission alleging violations of Title VII by AH and Aimbridge.

15.     On May 15, 2019, the Commission issued to AH and Aimbridge a letter of determination finding reasonable cause to believe that they violated Title VII and inviting AH and Aimbridge to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

16.     The Commission engaged in communications with AH and Aimbridge to provide AH and Aimbridge the opportunity to remedy the practices described in the letter of determination.

17.     The Commission was unable to secure from AH or Aimbridge a conciliation agreement acceptable to the Commission.

18.     On July 15, 2019, the Commission issued to AH and Aimbridge a notice of failure of conciliation.

19.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

STATEMENT OF FACTS

20.     On or about July 25, 2017, Mischa Odell, vice president of operations with Aimbridge, hired Mr. Vicknair—who is male—as a part-time guest service representative with AH at the hotel. Mr. Vicknair's pay rate, which Ms. Odell set, was $15.25 per hour.

21.     As a guest service representative Mr. Vicknair staffed the hotel's front desk and, when necessary, drove the hotel's shuttle bus. Since about August 4, 2017, he has reported to Ms. Benson.

4

22.     From at least July 25, 2017, until at least April 1, 2018, Mr. Vicknair was the only male guest service representative at the hotel.

23.     Before July 25, 2017, Jada Hitchens and Kiera Moore—who are female—had been guest service representatives with AH at the hotel. Their pay rates were never more than $9.25 per hour.

24.     On or about July 25, 2017, Martice Holland, Mary Marsala, Alicia Key, Alexis Griffin, Sandra Reddish, Moneisha Jackson, Serneiqua Jones, and Kimberly Davis—who are female—were the other guest service representatives with AH at the hotel. Until at least April 1, 2018, each of their pay rates were never more than $10.16 per hour.

25.     After July 25, 2017, until at least April 1, 2018, Fannie Gray, Kalynn McNeely, Jeniece Tillman, and Adrienne Hall—who are female—have been guest service representatives with AH at the hotel. Until at least April 1, 2018, each of their pay rates was never more than $9.50 per hour.

26.     As guest service representatives, Ms. Hitchens, Ms. Moore, Ms. Holland, Ms. Marsala, Ms. Key, Ms. Griffin, Ms. Reddish, Ms. Jackson, Ms. Jones, Ms. Davis, Ms. Gray, Ms. McNeely, Ms. Tillman, and Ms. Hall—like Mr. Vicknair—staffed the hotel's front desk and, when necessary, drove the hotel's shuttle bus. Since August 4, 2017, they have reported to Ms. Benson.

27.      On August 4, 2017, Kristy Jackson, task force general manager with Aimbridge, promoted Ms. Benson—who is female—to front desk supervisor with AH at the hotel. From about August 4, 2017, until about March 31, 2018, Ms. Benson's pay rate was never more than $11.00 per hour.

28.     As the front desk supervisor, Ms. Benson staffed the hotel's front desk and, when necessary, drove the hotel's shuttle bus. In addition, Ms. Benson supervised, trained, and coached the guest service representatives.

29.     Around September 2017, Ms. Benson made a complaint of sex-based pay discrimination to Ms. Jackson with regard to the disparity between her and Mr. Vicknair's pay rates. In response, AH and Aimbridge took no action.

30.     In March 2018, Ms. Benson made another complaint of sex-based pay discrimination to Nadia Lemon, human resources director with Aimbridge, again with regard to the disparity between her and Mr. Vicknair's pay rates. In response, AH and Aimbridge determined that Mr. Vicknair's pay rate was "out of line" with the other guest service representatives' pay rates and, as a result, decided to increase Ms. Benson's pay rate and decrease Mr. Vicknair's pay rate.

31.     On or about April 1, 2018, AH and Aimbridge increased Ms. Benson's pay rate to $16.00 per hour.

32.     On or about June 22, 2018, AH and Aimbridge decreased Mr. Vicknair's pay rate to $9.50 per hour.

33.     AH and Aimbridge did not increase Ms. Hitchens's, Ms. Moore's, Ms. Holland's, Ms. Marsala's, Ms. Key's, Ms. Griffin's, Ms. Reddish's, Ms. Jackson's, Ms. Jones's, Ms. Davis's, Ms. Gray's, Ms. McNeely's, Ms. Tillman's, or Ms. Hall's pay rates.

### STATEMENT OF CLAIMS

#### TITLE VII CLAIMS

34.     From about August 4, 2015, until about April 1, 2018, AH and Aimbridge have violated Title VII, 42 U.S.C. § 2000e-2, at the hotel by paying Ms. Benson, the female front desk

supervisor, a lower wage than they initially paid to Mr. Vicknair, the male guest service representative, because of her sex.

35.     Since at least April 1, 2015, AH and Aimbridge have violated Title VII, 42 U.S.C. § 2000e-2, at the hotel by paying the known and unknown members of a class, the female guest service representatives, lower wages than they initially paid to Mr. Vicknair, the male guest service representative, because of their sex. This unlawful employment practice had a disparate impact on the known and unknown members of that class.

36.     The effect of the practices complained of above has been to deprive Ms. Benson, the female front desk supervisor, and the known and unknown members of a class, the female guest service representatives, of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

37.     The unlawful employment practices complained of above were and are intentional.

38.     The unlawful employment practices complained of above were and are being done with malice or with reckless indifference to the federally protected rights of Ms. Benson, the female front desk supervisor, and the known and unknown members of a class, the female guest service representatives.

*EPA CLAIMS*

39.     From about August 4, 2015, until about April 1, 2018, AH and Aimbridge have violated the FLSA, 29 U.S.C. § 206(d)(1) and § 215(a)(2), at the hotel by paying Ms. Benson, the female front desk supervisor, a lower wage than they initially paid to Mr. Vicknair, the male guest service representative, for equal work on jobs the performance of which requires substantially equal skill, effort, and responsibility, and which are performed under similar working conditions.

40.     Since at least April 1, 2015, AH and Aimbridge have violated the FLSA, 29 U.S.C. § 206(d)(1) and § 215(a)(2), at the hotel by paying the known and unknown members of a class, the female guest service representatives, lower wages than they initially paid to Mr. Vicknair, the male guest service representative, for equal work on jobs the performance of which requires substantially equal skill, effort, and responsibility, and which are performed under similar working conditions. The known members of the class include, but are not limited to, Ms. Hitchens, Ms. Moore, Ms. Holland, Ms. Marsala, Ms. Key, Ms. Griffin, Ms. Reddish, Ms. Jackson, Ms. Jones, Ms. Davis, Ms. Gray, Ms. McNeely, Ms. Tillman, and Ms. Hall.

41.     Since at least June 22, 2018, AH and Aimbridge have violated the FLSA, 29 U.S.C. § 206(d)(1) and § 215(a)(2), at the hotel by paying the Mr. Vicknair, the male guest service representative, reduced wages to correct the disparity in his wages and those of Ms. Benson, the female front desk supervisor, and the known and unknown members of a class, the female guest service representatives. The known members of the class include, but are not limited to, Ms. Hitchens, Ms. Moore, Ms. Holland, Ms. Marsala, Ms. Key, Ms. Griffin, Ms. Reddish, Ms. Jackson, Ms. Jones, Ms. Davis, Ms. Gray, Ms. McNeely, Ms. Tillman, and Ms. Hall.

42.     As a result of the acts complained of above, AH and Aimbridge unlawfully have withheld the payment of wages due to Ms. Benson, the female front desk supervisor, to the members of the class, the female guest service representatives, and to Mr. Vicknair, the male guest service representative.

43.     The unlawful practices complained of above were and are willful.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining AH, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from paying its female employees less than its male employees because of their sex.

B.      Grant a permanent injunction enjoining Aimbridge, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from paying its female employees less than its male employees because of their sex.

C.      Order AH to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and that eradicate the effects of its past and present unlawful employment practices.

D.      Order Aimbridge to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and that eradicate the effects of its past and present unlawful employment practices.

E.      Order AH to make whole (1) Ms. Benson, the female front desk supervisor, and (2) the known and unknown members of a class, the female guest service representatives, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.      Order Aimbridge to make whole (1) Ms. Benson, the female front desk supervisor, and (2) the known and unknown members of a class, the female guest service representatives, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.      Grant a permanent injunction enjoining AH, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from

9

withholding the payment of wages due to (1) Ms. Benson, the female front desk supervisor, (2) the known and unknown members of the class, the female guest service representatives, and (3) Mr. Vicknair, the male guest service representative. The known members of the class include, but are not limited to, Ms. Hitchens, Ms. Moore, Ms. Holland, Ms. Marsala, Ms. Key, Ms. Griffin, Ms. Reddish, Ms. Jackson, Ms. Jones, Ms. Davis, Ms. Gray, Ms. McNeely, Ms. Tillman, and Ms. Hall.

H.     Grant a permanent injunction enjoining Aimbridge, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from withholding the payment of wages due to (1) Ms. Benson, the female front desk supervisor, (2) the known and unknown members of the class, the female guest service representatives, and (3) Mr. Vicknair, the male guest service representative. The known members of the class include, but are not limited to, Ms. Hitchens, Ms. Moore, Ms. Holland, Ms. Marsala, Ms. Key, Ms. Griffin, Ms. Reddish, Ms. Jackson, Ms. Jones, Ms. Davis, Ms. Gray, Ms. McNeely, Ms. Tillman, and Ms. Hall.

I.     Grant a judgment requiring AH to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to employees whose wages have been, are being, and will be unlawfully withheld as a result of the acts complained of above, including (1) Ms. Benson, (2) the known and unknown members of the class, the female guest service representatives, and (3) Mr. Vicknair. The known members of the class include, but are not limited to, Ms. Hitchens, Ms. Moore, Ms. Holland, Ms. Marsala, Ms. Key, Ms. Griffin, Ms. Reddish, Ms. Jackson, Ms. Jones, Ms. Davis, Ms. Gray, Ms. McNeely, Ms. Tillman, and Ms. Hall.

J.     Grant a judgment requiring Aimbridge to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment

10

interest to employees whose wages have been, are being, and will be unlawfully withheld as a result of the acts complained of above, including (1) Ms. Benson, (2) the known and unknown members of the class, the female guest service representatives, and (3) Mr. Vicknair. The known members of the class include, but are not limited to, Ms. Hitchens, Ms. Moore, Ms. Holland, Ms. Marsala, Ms. Key, Ms. Griffin, Ms. Reddish, Ms. Jackson, Ms. Jones, Ms. Davis, Ms. Gray, Ms. McNeely, Ms. Tillman, and Ms. Hall.


K.      Order AH to make whole (1) Ms. Benson, the female front desk supervisor, and (2) the known and unknown members of a class, the female guest service representatives, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including any job-search and medical expenses, in amounts to be determined at trial.

L.      Order Aimbridge to make whole (1) Ms. Benson, the female front desk supervisor, and (2) the known and unknown members of a class, the female guest service representatives, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job-search and medical expenses, in amounts to be determined at trial.

M.      Order AH to make whole (1) Ms. Benson, the female front desk supervisor, and (2) the known and unknown members of a class, the female guest service representatives, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional distress, pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

N.      Order Aimbridge to make whole (1) Ms. Benson, the female front desk supervisor, and (2) the known and unknown members of a class, the female guest service

representatives, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional distress, pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

O.      Order AH to pay (1) Ms. Benson, the female front desk supervisor, and (2) the known and unknown class members of a class, the female guest service representatives, punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

P.      Order Aimbridge to pay (1) Ms. Benson, the female front desk supervisor, and (2) the known and unknown class members of a class, the female guest service representatives, punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

Q.      Grant such further relief as the Court deems necessary and proper in the public interest.

R.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

**James L. Lee**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission
No Bar No. Assigned

**Gwendolyn Young Reams**
Associate General Counsel
U.S. Equal Employment Opportunity Commission
No Bar No. Assigned

12

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Email: rudy.sustaita@eeoc.gov
Phone: (713) 651-4970
Fax: (713) 651-4995
Texas Bar No. 19523560

**Gregory T. Juge**
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Email: gregory.juge@eeoc.gov
Phone: (504) 676-8239
Fax: (504) 595-2886
Louisiana Bar No. 20890

/s/ Andrew B. Kingsley
_____
**Andrew B. Kingsley (Lead)**
Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Email: andrew.kingsley@eeoc.gov
Phone: (504) 208-8661
Fax: (504) 595-2886
Louisiana Bar No. 35865

COUNSEL FOR U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

13

**REGISTERED AGENTS FOR SERVICE OF PROCESS:**

AH 2007 Management, LP
c/o CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

Aimbridge Hospitality, LLC
c/o CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816