UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION No.19- 00914 |
| v. | DISTRICT JUDGE TERRY A. DOUGHTY |
| AH 2007 MANAGEMENT, LP, d/b/a COURTYARD MONROE AIRPORT, AND AIMBRIDGE HOSPITALITY, LLC, d/b/a AIMBRIDGE HOSPITALITY, LLC | MAGISTRATE JUDGE KAREN L. HAYES |

CONSENT DECREE

INTRODUCTION

The Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against the Defendants, AH 2007 Management, LP ("AH") and Aimbridge Hospitality, LLC ("Aimbridge") under the Equal Pay Act of 1963 ("EPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991. The EEOC's complaint alleges that AH and Aimbridge unlawfully paid Q'juanisha Benson, a female front desk supervisor, and the members of a class, female guest service representatives, less than Kenneth Vicknair, a male guest service representative, for equal work at the Courtyard Monroe Airport (the "hotel") located at 4915 Pecanland Mall Dive, Monroe, Louisiana. It also alleges that AH and Aimbridge paid Mr. Vicknair less in attempt to correct the difference between what they paid him and what they paid Ms. Benson and the members of the class. (*See* ECF No. 1). The EEOC's complaint arose from Ms. Benson's charge of discrimination ("charge"), alleging the same. Prior to filing its complaint, the EEOC issued a letter of determination ("determination"), stating that there was reasonable cause to believe that AH and Aimbridge violated the EPA and Title VII. The EEOC issued a notice of conciliation failure after it was unable to secure a resolution acceptable to it.

1

JURISDICTION & VENUE

In the interest of avoiding the costs and burdens of further litigation and, having engaged in extensive negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action was authorized and instituted pursuant to the Fair Labor Standards Act of 1938 ( "FLSA"), as amended, 29 U.S.C. § 216(c) and § 217, to enforce the requirements of the EPA, 29 U.S.C. § 206(d), and pursuant to Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1), § 2000e-5(f)(3), and § 2000e-6, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Venue lies in this Court pursuant to 18 U.S.C. § 1391 and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices were committed in Monroe, Louisiana.

The parties agree that this Court has personal jurisdiction over them. AH and Aimbridge expressly agree that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ORDERED, ADJUDGED, AND DECREED**:

GENERAL

1.    This Decree resolves all claims and issues raised in Ms. Benson's charge, the EEOC's determination regarding that charge, and the EEOC's complaint in this action, and the EEOC waives all those claims and issues.

2.      The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim and/or issue arising from any other charge of discrimination against AH or Aimbridge.

3.      The parties must each bear any costs and attorneys' fees they incurred in connection with this action, except that AH and Aimbridge might be required to bear any taxable court costs the EEOC incurs in enforcing this Decree. AH and Aimbridge will bear all costs and attorneys' fees necessary for them to comply with this Decree.

4.      This Decree constitutes a judgment against AH and Aimbridge with respect to the claims in the above-captioned action.

5.      This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree. The entry of this Decree suspends all pending deadlines in this action.

6.      This Consent Decree represents the complete understanding among the parties with regard to the matters discussed herein.

7.      If one or more provisions of this Consent Decree are deemed or rendered unlawful or unenforceable, the parties must attempt to meet and confer in good faith to decide if and how such a provision must be amended to effectuate its purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

8.      The parties agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. The Court may only amend this Decree if all parties have consented in writing. A party seeking to amend the Decree must attempt to meet and confer with the others in good faith before making a request that the Court amend the Decree.

DEFINITIONS

9.      The following definitions apply herein:

A.     "AH" means and refers to the Defendant, AH 2007 Management, LP and its predecessors, successors and assigns, and agents.

B.     "Aimbridge" means and refers to the Defendant, Aimbridge Hospitality, LLC and its predecessors, successors and assigns, and agents.

C.      "EEOC" means the Plaintiff, the U.S. Equal Employment Opportunity Commission, an agency of the United States.

D.     "Parties" mean the EEOC, AH, and Aimbridge.

E.     "Charge" or "charge of discrimination" means Ms. Benson's charge of discrimination, No. 461-2018-01486.

F.     "Ms. Benson" means Q'juanisha Benson, the charging party who filed the charge of discrimination.

G.      "Days" means calendar—not business—days.

H.     "Effective date" or "date of entry" means the date the Court enters this Decree.

I.     "Court" refers to the United States District Court for the Western District of Louisiana, Monroe Division.

J.     "Consent Decree" and "Decree" mean this order.

K.     "Liaison" means the representative appointed by AH and Aimbridge to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

L.     "Claimant" means any person entitled to monetary or nonmonetary relief under this Decree.

DURATION

10.   This Consent Decree, and the obligations of AH and Aimbridge contained in this Decree, will remain in effect for a period of three years from the date of its entry.

Scope

11.     This Decree and the obligations of AH and Aimbridge contained in this Decree apply to the branded hotels located in Louisiana that, for the duration of the Decree, either (i) are managed by AH or Aimbridge or (ii) AH or Aimbridge are the employers of the employees at such hotels (collectively the "Covered Hotels"). This Decree and the obligations of AH and Aimbridge contained in this Decree also apply to the direct operational and human resources oversight managers for such Covered Hotels.

Payments

12.     AH and Aimbridge must pay the total amount of $400,000 to the Claimants, including Ms. Benson, identified in the Claimant Table (attached hereto as Exhibit A). No part of the total amount will revert to AH and Aimbridge.

13.     AH and Aimbridge acknowledge that this amount is a debt owed to and collectible by the United States.

14.     The EEOC has unilateral discretion to decide the allocation and/or reallocation of the total amount among the Claimants identified in the Claimant Table (attached hereto as Exhibit A). In particular, the EEOC has unilateral discretion to determine the individual backpay and damages amounts, if any, AH and Aimbridge must pay to each Claimant.

15.     The EEOC will provide AH's and Aimbridge's attorneys of record with (1) the individual backpay and damages amounts AH and Aimbridge must pay each Claimant,  (2) Releases (attached hereto as Exhibit B) executed by the Claimants they must pay, and (3) Internal Revenue Service ("IRS") forms W-2 and W-9 for each Claimant they must pay.

16.     Within 21 days of receiving all three of the items listed in Paragraph 15, AH and Aimbridge must pay each Claimant the individual amounts. AH and Aimbridge may make lawful withholdings from the backpay amount for each Claimant.

17.     AH and Aimbridge must pay each Claimant the individual amounts by  check.

18.     AH and Aimbridge must send the check to the Claimant by certified U.S. mail at the address provided on the Release executed by the Claimant.

19.     Within five days of sending a check to a Claimant, AH and Aimbridge must send a copy of that  check to the EEOC in the manner specified for notice under this Decree.

20.     AH and Aimbridge must also timely send any and all appropriate U.S. Internal Revenue Service forms (for instance, IRS forms W-2 and 1099) to each Claimant via regular U.S. mail at the address on the Release executed by the Claimant.

PROHIBITIONS

21.     While this Consent Decree is in effect, AH and Aimbridge are hereby enjoined from any and all conduct violating the EPA or Title VII, including but not limited to:

A.      Discriminating against employees and/or applicants because of their sex with regard to compensation.

B.      Retaliating against any employee or applicant who (1) has filed any charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, (4) has sought or seeks monetary or nonmonetary relief as a result of this or any other investigation or litigation by the EEOC, (5) has received or receives monetary or nonmonetary relief as a result of this or any other investigation or litigation by the EEOC, or (6) otherwise engages in protected activity under the EPA or Title VII.

STUDY

22.     Within 180 days of the entry of the Consent Decree and 180 days after each anniversary of the Consent Decree prior to its expiration, AH and Aimbridge must provide a qualified labor

economist approved by the EEOC with information and materials sufficient for the economist to conduct an study of compensation equity, as described in Paragraph 25 below, for the guest service representative and front desk supervisor positions.

23.     Within 30 days of the entry of the Decree, AH and Aimbridge must provide the EEOC with the name and resume of the economist. The EEOC must approve or reject the economist within 30 days. If the EEOC rejects the economist, AH and Aimbridge must provide the EEOC with the name and resume of a new economist within 14 days.

24.     AH and Aimbridge must timely pay the economist for the economist's services in conducting the study pursuant to their engagement agreement with the economist.

25.     The economist must provide the parties with the study at least 90 days before each anniversary of the Decree. The study must consider whether any disparities in compensation are attributable to sex and will consider all components of compensation, including without limitation, salary, raises, and bonuses. The economist will determine what statistical analysis and methodology to employ, including consideration of various factors affecting compensation, and controlling for the factors the economist considers appropriate to include in the analysis. The EEOC may in its discretion, but is not required to, rely on the study in its assessment of whether AH and Aimbridge are complying with the Decree.

REFERENCES

26.     If asked for a job reference regarding any Claimant, AH and Aimbridge must not discuss, mention, or allude in any way—directly or indirectly—this litigation or the circumstances underlying this litigation.

PERSONNEL FILES

27.     AH and Aimbridge must exclude from each Claimant's personnel file, segregate, and

keep confidential, anything referencing, describing, or acknowledging this litigation or the

circumstances underlying this litigation.

LIAISON

28.     Within 15 days of the entry of this Decree, AH and Aimbridge must designate a Liaison,

and within 15 days of the removal, resignation, or incapacitation of that Liaison or a subsequent

Liaison, they must designate another Liaison. The Liaison must be a lawyer or human resources

manager at AH and/or Aimbridge who possesses the knowledge, capability, and resources to

ensure that AH and Aimbridge comply with the terms and conditions of the Consent Decree.

29.     AH and Aimbridge must designate the liaison by providing the EEOC with a declaration

from Aimbridge's chief human resources officer which identifies the Liaison's name, job title,

mailing address, email address, and telephone number and which states that (a) AH and

Aimbridge have assigned the Liaison responsibility for ensuring that they comply with the

Decree, (b) that the Liaison has authority to act on AH's and Aimbridge's behalf with regard to

the Decree, (c) that any act or failure to act by the Liaison will be attributable to AH and

Aimbridge, and (d) that the Liaison directly reports to and is supervised by Aimbridge's chief

human resources officer.

30.     Within 45 days of designating a Liaison, AH and Aimbridge will provide the Liaison

with a two-hour training session on the terms and conditions of the Decree. The trainer must be a

lawyer with employment discrimination experience. Within 15 days of designating a Liaison,

AH and Aimbridge must provide the EEOC with the name and resume of the trainer, the outline

for the training, and the materials for the training. The EEOC may reject the trainer, the outline,

or the materials within 15 days. If it does so, AH and Aimbridge must provide the EEOC with

the name and resume of a new trainer, a new outline for the training, or new materials for the training, as necessary, within 7 days. AH and Aimbridge may use Monique G. Doucette, Esq. or Bryant S. McFall, Esq. as the trainer without submitting their name and resume to the EEOC.

31.     Within 15 days of the training session, AH and Aimbridge must provide the EEOC a declaration by the Liaison affirming that the Liaison attended the training session and is familiar with the terms and conditions of the Consent Decree.

REPORTS

32.     Within 45 days after the first anniversary of the entry of the Decree and at least 30 days before each subsequent anniversary of the entry of the Decree prior to its expiration, AH and Aimbridge must, through the Liaison, provide the EEOC with a report containing, but not limited to, the following:

A.     A declaration by the Liaison affirming that AH and Aimbridge have complied with all terms and conditions of the Decree or, if they have not, explaining why they have not and how they will remedy their failure to comply.

B.     All compensation policies pertaining to base pay rates for nonexempt, nonsalaried employees implemented, modified, or revoked since the last report.

C.     All anti-discrimination policies enacted, modified, or revoked since the last report.

D.     Any materials or information added to, altered, or removed from any Claimant's personnel file (including but not limited to a Claimant's personnel records, personnel actions, disciplinary records, disciplinary action, medical records, etc.).

E.     A list of all employees, including supervisors, who received training required under this Decree containing the employees' names, job titles, facility, and the date, time, and location that they received the training.

F.      A list of all employees, including supervisors, who did not receive training required under this Decree containing the employees' names, job titles, and facility.

G.      All materials related to any report or complaint of discrimination regarding compensation.

H.      All materials related to any investigation or resolution of any report or complaint of discrimination regarding compensation.

I.      All materials related to any pay equity studies or audits.

J.      The name and address of all Covered Hotels.

TRAINING

33.     Within 120 days of the entry of the Decree and at least 60 days before each anniversary of the entry of the Decree prior to its expiration, AH and Aimbridge must provide each of its employees, including supervisors, with a one-hour training session on sex-based discrimination with regard to compensation, including, but not limited to, the following:

A.      Summary of this litigation, including the EEOC's complaint and this Consent Decree.

B.      The purpose and fundamentals of the EPA and Title VII.

C.      Examples of pay discrimination.

D.      Examples of retaliation (including examples of protected activity).

E.      Employees' rights under the EPA and Title VII.

F.      AH's and Aimbridge's responsibilities under the EPA and Title VII.

G.      Procedure for reporting discrimination, harassment, and retaliation to AH and Aimbridge.

H.      Procedure for reporting discrimination and retaliation to the EEOC.

34.     The training sessions must be in person or via videoconference in which all participants are able to simultaneously hear and see the presenter (and any slides) and the presenter is able to simultaneously hear and see all participants and in which participants are able to ask questions and the trainer is able to provide contemporaneous answers. The training sessions may be conducted in conjunction with other, unrelated training sessions.

35.     At least 60 days before each training session, AH and Aimbridge must provide the EEOC with the name and resume of the trainer, the outline for the training, and the materials for the training. The trainer must be an attorney with at least five years' employment discrimination experience. The EEOC may reject the trainer, the outline, or the materials within 15 days. If the EEOC does so, AH and Aimbridge must provide the EEOC with the name and resume of a new trainer, a new outline, and/or new materials, as necessary, within 7 days. AH and Aimbridge may use Monique G. Doucette, Esq. or Bryant S. McFall, Esq. as the trainer without submitting their name and resume to the EEOC.

36.     Within 15 days after each training session, AH and Aimbridge must provide the EEOC a sign-in registry for the training session and a declaration by the Liaison affirming that all employees, including all supervisors, attended the training session.

ANTI-DISCRIMINATION POLICY

37.     Within 90 days from the entry of this Decree, AH and Aimbridge must maintain an anti-discrimination policy that, at a minimum, meets the following criteria:

    A.      Permits employees to discuss their compensation with each other.

    B.      Prohibits discrimination, harassment, and retaliation against any employee and/or applicant in violation of the EPA or Title VII.

C.      Prohibits any act, policy, or practice that has the effect of discriminating, harassing, or retaliating against any employee and/or applicant in violation of the EPA or Title VII.

D.      Provides a process for employees and applicants to report or complain about discrimination, harassment, and retaliation prohibited by the EPA or Title VII and provides a process by which AH and Aimbridge will investigate and resolve all such reports and complaints.

E.      Provides that a human resource manager will oversee an investigation into and resolution of all reports and/or complaints about discrimination, harassment, and retaliation prohibited by the EPA or Title VII.

F.      Provides that AH and Aimbridge will provide any employee or applicant who reports or complains about discrimination, harassment, or retaliation under the EPA or Title VII with timely updates regarding the status of the report or complaint and will provide the employee or applicant with notice of any resolution.

G.      Provides that anyone who engages in retaliation prohibited by the EPA or Title VII will be disciplined, up to and including discharge.

38.     Within 15 days of implementing, modifying, or revoking any such policy, AH and Aimbridge must provide the EEOC that policy.

RECORDS

39.     During the operation of this Decree, AH and Aimbridge must preserve and maintain all materials, electronic or otherwise, that could reasonably be considered relevant to this action, regardless of whether they are discoverable or admissible in this action.

40.     During the operation of this Decree, AH and Aimbridge must preserve and maintain all materials, electronic or otherwise, that could reasonably be considered relevant to this Decree,

including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

41.      AH and Aimbridge must comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII and in the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by federal law.

COMMUNICATION

42.      AH and Aimbridge must send all communications (including, but not limited to, all notices, reports, information, declarations, etc.) related to or required by this Decree to the EEOC through the Liaison or AH's and Aimbridge's attorneys of record via email to **all** of the following addresses:

> andrew.kingsley@eeoc.gov
> gregory.juge@eeoc.gov
> johnny.lundie@eeoc.gov

(The EEOC may, from time to time, unilaterally add or remove addresses from this list or alter the method by which it seeks to receive such communications.) Only an acknowledgment from the EEOC via email (or regular United States mail) constitutes proof of receipt of such communications. The EEOC must provide such an acknowledgment within 14 days.

POSTINGS

43.      Within 10 days of the entry of this Decree, AH and Aimbridge must post a Notice to Employees, attached hereto as Exhibit C, enlarged to at least 11 by 17 inches, in all facilities in the place where other notices to employees and/or applicants are customarily posted. It must remain there for the duration of this Decree.

SUCCESSORS

44.     AH and Aimbridge must provide a copy of this Decree to any person acquiring, merging with, or becoming an owner or member of either of them prior to the effectiveness of such acquisition, merger, ownership, or membership. This Decree is binding on any and all successors to AH and Aimbridge, regardless of whether AH and Aimbridge. has provided a copy of this Decree to such a successor.

ENFORCEMENT

45.     The EEOC may seek immediate relief at any time from the Court if AH or Aimbridge fail to comply with any term or condition of the Decree. If the EEOC requests such relief and the Court determines that AH or Aimbridge failed to comply with any such a term or condition, the Court may (1) fine it, (2) hold it, as well as its owners, managers, and agents, in contempt, (3) set aside this Decree, reinstate this action, and set this action for trial, (4) provide any other relief available under the Decree or the law; and (5) take any other action it deems necessary and appropriate. Before seeking such relief, the EEOC must provide AH and Aimbridge with 14 days' notice.

46.     The parties and the Court agree that if the Court finds AH and Aimbridge to have willfully violated the Decree, the Court is empowered to impose liquidated and/or punitive damages, consistent with the EPA and Title VII.

        In Monroe, Louisiana, this _____ day of _____ , 2020.


                                        _____
                                        UNITED STATES DISTRICT JUDGE

**Exhibit A**

Claimant Table

Benson, Q'Juanisha
Chambola, Jessica
Davis, Kimberly
Evans (previously Flowers), Leslie
Gray, Fannie
Griffin, Alexis
Hall, Adrienne
Holland, Martrice
Holloway, Suzi
Hughs (previously Martindale), Taylor
Jackson, Moneisha
Kelly, Tara
Key, Alicia
Lively, Katheryne
Marsala, Mary "Rachel"
McNeely, Kalynn
Rogers, Patricia
Rogers, Ricki
Smith (previously Johnson), Janie
Tillman, Jeniece
Towns, Nicole
Vicknair, Kenneth
White, Shameir
Wommack, Victoria
Young, Nijia

**EXHIBIT B**

RELEASE

In consideration for $_____ . _____ paid to me by AH 2007 Management,

LP, and Aimbridge Hospitality, LLC, in connection with the resolution of *U.S. Equal*

*Employment Opportunity Commission v. AH 2007 Management, LP, et al.*, No. 00914 (W.D.

La.), I, _____ , waive my right to recover for any claims

arising under the Equal Pay Act of 1963 ("EPA") or Title VII of the Civil Rights Act of 1964

("Title VII") that I had against AH 2007 Management, LP, or Aimbridge Hospitality, LLC, prior

to the date of this release and that were included in the claims alleged in U.S. Equal Employment

Opportunity Commission's complaint in the above-referenced action.

This _____ day of _____ , _____ .
          DATE            MONTH         YEAR

_____
SIGNATURE

**ADDRESS:**

_____

_____

_____

17

## Exhibit C

### Notice to Employees

In 2019, the U.S. Equal Employment Opportunity Commission lawsuit AH 2007 Management, LP, and Aimbridge Hospitality, LLC, in the U.S. District Court for the Western District of Louisiana in alleging that they had violated the Equal Pay Act of 1963 and the Civil Rights Act of 1964 by paying a female front desk supervisor and female guest service representatives less than a male guest service representative. In 2020, the Court entered a consent decree resolving that lawsuit.

The Equal Pay Act of 1963 and the Civil Rights Act of 1964 are federal laws that prohibit an employer from discriminating against an applicant or employee on the basis of sex and gender or retaliating against an applicant or employee who reports that their employer discriminated on the basis of sex or gender, who reports that their employer allowed others to discriminate on such bases, who files a charge of discrimination with the EEOC, or who participates in the investigation or prosecution of such a charge.

**Specifically, these laws prohibit an employer from paying an applicant or employee less because of that applicant or employee's sex or gender (for instance, by paying a man more than a woman).**

AH 2007 Management, LP, and Aimbridge Hospitality, LLC will not tolerate discrimination on the basis of sex or gender and likewise will not tolerate retaliation against any employee for reporting such discrimination. Such discrimination can violate federal law. Any employee who violates the law will be subject to substantial discipline, up to and including termination.

If you believe you or another applicant or employee have been discriminated or retaliated against, please contact the EEOC:

*Address*:  Attn: Legal Unit
U.S. Equal Employment Opportunity Commission
500 Poydras Street, Suite 809
New Orleans, LA 70130
*Telephone*:  504-595-2879
*E-mail*:  andrew.kingsley@eeoc.gov or gregory.juge@eeoc.gov
*Website*:  www.eeoc.gov

This Notice to Employees must remain posted continuously by AH 2007 Management, LP, and Aimbridge Hospitality, LLC, for three years from the date stamped above. This Notice to Employees must not be altered, defaced, removed, or covered.